John D. Casey, Administrator, Appellee, v. The Peter Schoenhofen Brewing Company, Appellant.

### Gen. No. 15,503.

VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence unless clearly and manifestly against its weight.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed February 16, 1911.

LACKNER, BUTZ & MILLER, for appellant.

DANIEL L. CRUICE and A. S. LANGILLE, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

Plaintiff's intestate, a boy six years old, was run over by a beer wagon of the defendant and so injured that he died. He left parents, brothers and sisters. In an action by his administrator, under the statute, in which the declaration alleged that the death of the deceased was caused by the negligence of the defendant, by the servants in charge of the team and wagon, plaintiff had judgment for $2,000, and the defendant appealed.

The wagon of the defendant, drawn by a pair of mules, was going east in Thirteenth street. The plaintiff's intestate started across the street from the

south side to the north, came in contact with one of the mules, was knocked down and the wagon ran over him.

The testimony is conflicting. That for the plaintiff tended to show that the mules were being driven at a rapid and dangerous rate of speed, and that the deceased was in view of the driver for a sufficient length of time before the accident to have enabled the driver to avoid coming in collision with the deceased. That for the defendant tended to show that the mules were going at a slow trot; that on the south side of the street was a pile of lumber four or five feet high, extending out from the curb; that the deceased ran out from behind the pile of lumber, on the side farthest from the wagon, and that it was impossible, after the deceased came in view of the driver, for the latter to stop his team or turn to one side in time to avoid the accident.

We think that on the evidence the question whether the driver of defendant's team was guilty of the negligence alleged in the declaration, was a question for the jury, and that their finding, implied by their verdict, that he was negligent cannot be said to be so manifestly against the evidence as to warrant or justify a reversal of the judgment.

Complaint is made of two instructions given for the plaintiff, on the ground that each contains assumptions of fact. We do not think that either of said instructions can be held to contain any assumption of fact.

We perceive nothing in the conduct of plaintiff's counsel on the trial so manifestly improper and prejudicial to the defendant as to require a reversal of the judgment.

The record is, in our opinion, free from reversible error, and the judgment is affirmed.

*Affirmed.*